UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| PAUL HENRY GIBSON, | : | Case No. 1:22-cv-697 |
| Petitioner, | : | |
| vs. | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

# ORDER

Petitioner has filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking release from confinement imposed as part of the judgment of a state court in a criminal action. (Doc. 1-1). The case was initially filed in this Court's Columbus location of court as Case No. 2:22-cv-4137 but was transferred to the Cincinnati location of court on November 28, 2022. (Doc. 3).

Petitioner has paid the filing fee to institute the action. He has also filed an Affidavit of Indigence, which appears to be a request to proceed without paying the filing fee. (Doc. 1). Because Petitioner has already paid the filing fee, this request (Doc. 1) is **DENIED** as moot.

Upon preliminary consideration of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court (the "2254 Rules"), the Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that Petitioner is not entitled to relief in this Court. Accordingly, Respondent is **ORDERED** to file an answer conforming to the requirements of Rule 5 of the 2254 Rules **WITHIN SIXTY DAYS** of the date of filing of this Order. Specifically, said Answer must respond to each of Petitioner's

allegations, raise any affirmative defenses, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Before filing the Answer, Respondent must file those portions of the state-court record needed to adjudicate this case. When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party must include record references to the PageID number. Prior to filing the state-court record, Respondent's counsel must ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed. In addition, the record must be indexed by insertion of "bookmarks" in the .pdf version of the state-court record uploaded to the Court's CM/ECF system that display each exhibit and the name of that exhibit in the record.

As required by Federal Rule of Civil Procedure 5, a complete copy of the Answer and state-court record with the PageID numbers must be served on Petitioner at the time of filing.

Petitioner may, not later than twenty-one days after the Answer is filed, file and serve a reply to the Answer.

The Clerk of Court is **DIRECTED** to serve the Petition and this Order on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@OhioAGO.gov and Habeas.docketclerk@OhioAGO.gov.

Petitioner has also filed a "Praecipe for Subpoena Duces Tecum" (Doc. 1-3, PageID 24-25), and a "Motion for Leave to File a Delayed Writ of Habeas Corpus" (Doc. 2). These motions concern Petitioner's argument that he was receiving inpatient medical care during a period in 2021,

which should not cause his Petition to be considered untimely. (*See* Doc. 1-3, PageID 25; Doc. 2, PageID 27-28; *see also* Petition, Doc. 1-1, PageID 20-21).

The Praecipe (Doc. 1-3) is **CONSTRUED** as a motion for discovery under Rule 6 of the 2254 Rules. Unlike the typical civil litigant, a habeas petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Discovery is available only at the discretion of the court and for good cause shown. Rule 6(a), 2254 Rules. It is appropriate in a habeas proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see also Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). "The burden of demonstrating the materiality of the information requested is on the moving party." *Williams*, 380 F.3d at 974 (quoting *Stanford*, 266 F.3d at 460).

This case has just begun, and the state court record has not yet been filed. At this point, it is not apparent that the materials sought by Petitioner are material or otherwise necessary to resolve the case. Should the Court later determine that these materials *are* necessary, the Court may order the record expanded with such materials. *See* Rule 7, 2254 Rules. Petitioner's motion for discovery (Doc. 6 ) is **DENIED** at this time, subject to reconsideration. Petitioner's motion for leave to file a delayed petition (Doc. 2) will be considered in due course once the record has been filed.

**IT IS SO ORDERED.**

November 29, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

3