# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

PAUL HENRY GIBSON,

      Petitioner, : Case No. 1:22-cv-697

- vs -     District Judge Matthew W. McFarland
    Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,

:

      Respondent.

## DECISION AND ORDER DENYING MOTION TO STAY

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner has moved to stay these proceedings (ECF No. 10). As justification for a stay, Gibson asserts "Claims to be filed are detrimental to the just outcome of this case. As this court needs a complete picture of the evidence and constitutional [sic] errors plagueing this case resulting in a miscarriage of justice." *Id.* at PageID 54.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for

1

> that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings." *Id*.

Petitioner's Motion does not indicate that he has pending state court proceedings which are not final. Indeed, he does not indicate who is expected to file claims detrimental to the just outcome of the case. Nor does Petitioner offer any other reason for staying these proceedings. Accordingly, the Motion for Stay is DENIED.

The undersigned hereby confirms the schedule set by Magistrate Judge Peter Silvain: Respondent's Answer is to be filed not later than January 28, 2023; Gibson's reply is due not later than twenty-one days after the Answer and State Court Record are filed (ECF No. 7).

January 9, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge

2