IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

PAUL HENRY GIBSON,

       Petitioner,  :  Case No. 1:22-cv-697

- vs -  District Judge Matthew W. McFarland
  Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,

  :

       Respondent.

## DECISION AND ORDER TO CLARIFY STATUS OF PLEADINGS

This habeas corpus action is before the Court on Petitioner's Motion of Request for this Court to Supplement Rather than to Override Original Petition of Habeas Corpus Review (ECF No. 16.) The Motion is GRANTED as follows.

In finding Petitioner's previous Motion to Amend to be moot, the Court noted that Petitioner could amend as a matter of right under Fed.R.Civ.P. 15 because Respondent had not yet filed an answer (ECF No. 13). In doing so, the Court referred to the Motion to Amend as the "operative pleading" and directed that it be renamed as Amended Petition on the docket. *Id.* By his current motion, Gibson makes it clear he intended to add to, rather than replace, his original Petition. Gibson has pleaded four grounds for relief on the standard form for habeas petition prescribed by the Rules Governing § 2254 proceedings:

    **Ground One:** Judicial Bias Creating a Structural Error

    **Supporting Facts:** Upon recusal of originally assigned attorney for the defense at the request of the state prosecutor Charles Pater

1

showing extreme partiality to the prosecution appointed defense counsel requested by the state attorney Kelly E. Heile. Thus denying defendant his right to a fair trial and due process.

**Ground Two: Abuse of Discretion; Judicial Bias**

**Supporting Facts:** Detective Mark Sons lead investigators report containing evidence of defendant['']s innocence [sic] was removed as record making it unavailable as evidence to be presented to the jury. This document contains information exonerating Gibson from any crime or guilt in this Case .

**Ground Three: Abuse of Discretion; Judicial Bias**

**Supporting Facts:** Judge Charles L.Pater denied defendant the right to due process of presenting a defense when he denied defense expert from testifying to his expert opinion as was allowed/permitted for the states. Thus prejudicing the defendant['']s case and rendering the outcome constitutionally unexceptable [sic].

**GROUND FOUR:** Abuse of discretion, Failure to dismiss for cause.

**Supporting Facts:** Juror (977) being a friend co-worker, and neighbor of Detective Mark Sons and working for the Butler county sheriffs Department. Was not suitable for the jury yet Judge Pater forced the use of a peremtory [sic] challenge that would have been used to dismiss another bias [sic] juror who worked with prosecution witnesses at Cincinnati Childrens Hospital.

(Petition, ECF No. 5, PageID 35, 37, 38, 40).

In the Amended Petition (ECF No. 12), Gibson raises eleven claims of ineffective assistance of trial counsel specified as follows:

> **Error #1:** Failure to Challenge Failure to adequately Cross-examine states witnesses.
>
> Defense counsels' performance was prejudicial to defendant.
>
> **Assignment Of Error #2** Failure to call Expert Witness Dr. David Burkons.
>
> **Assignment of Error #3:** Failure to object [to prosecution's methods and techniques of questioning.

2

>**Assignment of Error #4:** Deliberate Assasination [sic] Of Character.
>
>**ASSIGNMENT OF ERROR N0.5** Counsel failed to adequately represent his client during the voire [sic] dire process. Failing to dismiss or challenge the dismissal of prejudicial venire.
>
>**Assignment Of Error. No.6** Failure To Request Recusal Of Biased Judge.
>
>**Assignment Of Error- #7** Failure To Investigate
>
>**Error No. 8** False Testimony Perjury:
>
>**Error No. 9** Prosecutorial Misconduct: Fraud
>
>**Error No. 10** Prosecutorial Misconduct: Unexceptable [sic]Technique of Questioning Expert.
>
>**Error No.** 11 Failure To Call Key Deffense [sic] Witness Theresa Turner.

(Amended Petition, ECF No. 12). Respondent should treat all fifteen of these claims in the Return.

The Magistrate Judge notes that Petitioner refers in the Amended Petition to facts which may nor may not be supported by evidence already of record. In considering whether to overrule state court findings of fact under 28 U.S.C. § 2254(d)(2), the Court is limited to evidence presented to the state courts. *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Shinn v. Martinez Ramirez,* 596 U.S. ___, 142 S.Ct. 1718 (2022). If there is evidence on which Petitioner wishes to rely which was presented to the state court but is not filed by the Respondent as part of the State Court Record when Respondent files it, Petitioner should move to expand the record. Evidence which was never offered to the state courts, however, is precluded by *Pinholster, supra.*

Respondent's Answer and the State Court Record remain due to be filed not later than

February 27, 2023 (ECF No. 15).

       IT IS SO ORDERED.


January 26, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge
