# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

PAUL HENRY GIBSON,

       Petitioner,        :       Case No. 1:22-cv-697

  - vs -                           District Judge Matthew W. McFarland
                                  Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,

                                 :

       Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Respondent's Motion to Dismiss the case as time-barred (ECF No. 21) which Petitioner, who is proceeding *pro se*, opposes (ECF No. 23). A motion to dismiss involuntarily is a dispositive motion, requiring a report and recommended disposition from an assigned Magistrate Judge.

**Litigation History**

Petitioner was indicted by the Butler County grand jury on October 15, 2015, on four counts of rape. A trial jury found him guilty on one count and acquitted him the others. He was sentenced to ten years to life imprisonment, based on the age of the victim. He appealed, but the Ohio Twelfth District Court of Appeals affirmed. *State v. Gibson*, 2017 WL 957746 (12th Dist. Mar. 13, 2017). Gibson did not appeal to the Supreme Court of Ohio and his time to do so expired

1

April 12, 2017.

On December 12, 2018, Gibson filed an Application to Reopen his appeal to raise claims of ineffective assistance of appellate counsel. The Twelfth District denied the Application as untimely and again Gibson did not appeal to the Ohio Supreme Court. On March 13, 2019, Gibson sought post-conviction relief and a new trial. The Common Pleas Court denied those motions on October 26, 2020. Gibson timely appealed, but the Twelfth District again affirmed. *State v. Gibson,* 2021 WL 2646075 (Ohio App. 12th Dist. Jun. 28, 2021). This time Gibson did seek review by the Ohio Supreme Court, but that court declined to exercise jurisdiction. *State v. Gibson*, 165 Ohio St.3d 1424 (Oct. 26, 2021).

On January 13, 2022, the Butler County Common Pleas Court denied Gibson's request to file a successive motion for new trial (State Court Record, ECF No. 20, Ex. 47). His request for reconsideration remained pending at the time his habeas petition was filed. He filed a motion for leave to file a successive post-conviction petition which also remained pending when he filed his Petition in this Court.

Gibson deposited his Petition in the prison mail system November 16, 2022, thereby filing it. (ECF No. 1, PageID 45). He pleads fifteen grounds for relief.

**The Statute of Limitations**

Congress adopted a statute of limitations for habeas corpus for the first time in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). As codified at 28 U.S.C. § 2244(d), it provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

2

>   judgment of a State court. The limitation period shall run from the latest of —
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**Respondent's Argument**

Respondent argues this case comes within §2244(d)(1)(A) in that the statute began to run when Gibson's conviction became final on direct review. That occurred, Respondent asserts, on April 27, 2017, the last day on which Gibson's could have, but did not, seek direct appeal review in the Supreme Court of Ohio. Because nothing occurred in the next year to toll (interrupt) the running of the statute, it expired April 28, 2018. Gibson's Petition is barred because it was not filed until more than four years later.

Proper filing of a collateral attack on a judgment will toll the statute. An application for reopening to raise a claim of ineffective assistance of appellate counsel is such a collateral attack, but Gibson's 26(B) Application was not filed until December 12, 2018, after the statute had

3

expired, Respondent argues.

Although the statute can be equitably tolled, Respondent notes that that Petitioner's claim to equitable tolling depends on a 2021 hospitalization that occurred several years after the statute expired.

Sufficient new reliable evidence of actual innocence can excuse late filing. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). Respondent notes that Gibson relies in his Amended Petition upon projected testimony of Theresa Turner, his girlfriend at the time of the offenses who lived with the victim (Motion, ECF No. 21, PageID 740, citing ECF No. 12, PageID 68-69). Gibson's reference to what Turner would have testified to cites to exhibits to his September 2021 petition for post-conviction relief and motion for new trial (State Court Record, ECF No. 20, Ex. 44). Gibson alleged:

> Alleged victims' aunt and girlfriend of Gibson's would have made rebuttal testimony discrediting states witnesses' testimony giving [sic] the fact that she also resided at the location of the alleged crimes of which Gibson was accused. Her testimony would have given challenge to states witnesses testimony that would otherwise go completely unchallenged. See Exhibit (D)(l).

*Id.* at PageID 597. At a later point Exhibit D is referred to as the Affidavit of Theresa Turner. *Id.* at PageID 621. There is no Affidavit from Theresa Turner attached to the Motion for New Trial, nor has Gibson otherwise produced such an Affidavit.

**Petitioner's Opposition**

Gibson disputes the applicability of § 2244(d)(1)(A). Instead he claims his Petition is timely under § 2244(d)(1)(D) because of when he learned the underlying facts relating to Grounds

4

One through Four on January 25, 2019:

> Evidence as related to the grounds for relief in question have only been made available to Plaintiff Gibson as of 1/25/2019. Grounds one thru four as related to judicial misconduct / Judicial bias have been procedurally exhausted as rules of Post-conviction relief require within the State courts of Ohio.
>
> Time Barr [sic]is lifted when newly discovered evidence is made available to defendant that would show irregularities in the court proceedings that would undermine the outcome of the trial.

(Opposition, ECF No. 23, PageID 745).

As to his other grounds for relief which assert ineffective assistance of trial counsel, Gibson claims:

> As to grounds Five thru eleven of which are constitutionally unacceptable examples of ineffective assistance of counsel of which are in direct relation to Judge Charles L. Pater[']s arbitrary and capricious decision to appoint a unqualified, inexperienced, lawyer to a criminal defendant.

Petitioner asserts he learned the factual basis for these claims when documents were furnished to him by his post-conviction counsel, Scott Blauvelt, in August 2021 (Opposition, ECF No. 23, PageID 747). Thereafter he filed the Second Motion for New Trial on September 13, 2021. He claims those proceedings were not final until his time for seeking certiorari from the U.S. Supreme Court expired such that the statute would have run from January 24, 2022 to January 24, 2023, making the Petition timely because it was filed November 16, 2022, "two months before expiration of statute of limitation had expired." *Id.* at PageID 748.

Gibson also claims he can show actual innocence. But for this proposition he does not rely on any projected testimony from Theresa Turner. Instead he asserts the testimony of the State's witness, Dr. Kirsten Simonton, was not probative and indeed was unprofessional and perjured (Opposition, ECF No. 23, PageID 748).

5

## Analysis

On October 26, 2020, Judge James Brogan denied relief on Gibson's first petition for post conviction relief and motion for new trial (Entry and Order, State Court Record, ECF No. 20, Ex. 36). These motions contained both claims made by retained counsel and *pro se* by Gibson; all were rejected. Counsel's claims about jury selection are not reviewed here because they have not been brought forward to habeas. Judge Brogan found Gibson's *pro se* claim that trial counsel provided ineffective assistance in addressing the State's expert's testimony was barred by Gibson's untimely filing of the claim. *Id.* at PageID 453. Gibson also claimed Judge Pater was biased in "permitting a witness to testify about his excessive drinking; in the ruling prohibiting his counsel from eliciting the fact that he took a polygraph; in a ruling prohibiting a defense "expert" from testifying at trial, and in the court's denial of his Rule 29 motion at trial." *Id.* at PageID 454. Judge Brogan rejected these claims on their merits and also found the polygraph argument barred by *res judicata*. *Id.* at PageID 455.

Gibson appealed, but the Twelfth District affirmed. *State v. Gibson*, 2021 WL 2646075 (Ohio App. 12th Dist. Jun. 28, 2021), appellate jurisdiction declined, 165 Ohio St.3d 1424 (Oct 26, 2021).

On January 13, 2022, Judge James Brogan[1] denied Gibson's Second Motion for New Trial which had been filed September 13, 2021. In doing so, he held the Motion was "nearly identical to his first petition and is time barred and barred by The Doctrine of Res Judicata and The Law of

---

[1] Judge Brogan retired from a distinguished career as a judge of the Ohio Second District Court of Appeals and was assigned to this matter by Chief Justice Maureen O'Connor.

The Case Doctrine. Assuming *arguendo* that the motion did not fail for the aforementioned reasons Gibson's present filing remains futile." (Entry and Order, State Court Record 20, Ex. 47 at PageID 646, citing *Nolan v. Nolan*, 11 Ohio St. 3d. 1 (1984)). Judge Brogan also found Gibson's claim that he had newly discovered evidence unpersuasive. He noted that Gibson clearly knew before trial that his attorney did not plan on calling Dr. Burkons, so that claim could have been raised on direct appeal. Furthermore, Gibson provided no information of when he had learned of the treatise on which he relied to refute the medical evidence at trial, much less of what effort he had made to discover it.

Regarding Gibson's claims to relief based on his claim that Judge Pater was biased, Judge Brogan found that the Butler County court had earlier agreed with Gibson that those claims were newly discovered in that Gibson could not have learned of them before he did[2]. However, he did not demonstrate "by clear and convincing evidence that, but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offense." See RC. §2953.23(A)(1)(a) and(b). This supported Judge Brogan's conclusions that relief was barred by *res judicata* and the law of the case doctrine.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination

---

[2] Judge Pater revealed that he had a daughter who had been a victim in a similar case and that fact might have skewed his judgment in sentencing the defendant in that case, a man named Lawrence.

7

of the facts in light of the evidence presented in the State court proceedings. Furthermore, a factual determination by a state court is presumed to be correct unless the petitioner rebuts that presumption by clear and convincing evidence.

In this case Judge Brogan concluded, *inter alia,* that Gibson had not proved he could not have discovered the facts underlying his ineffective assistance of trial counsel claims in time to make a timely filing under Ohio Revised Code § 2953.23. Gibson has presented to this Court no evidence, much less clear and convincing evidence, to overcome the presumption of correctness of that finding. Therefore Gibson is not entitled to a start date for the federal statute of limitations under § 2244(d)(1)(D) as to Grounds Five to Eleven, but must show compliance with § 2244(d)(1)(A), which he has not done. Respondent's calculation of the expiration of the statute as to those claims of April 28, 2018, is correct and consideration of those claims on the merits is barred.

The Court accepts the finding of the Butler County Court of Common Pleas that Gibson could not have discovered the facts undergirding his claims of bias against Judge Pater until January 2019. Thus he is entitled to a start date of January 2019 on Grounds One through Four. That would make the expiration date January 2020 unless some event happened to toll the statute. As noted above, a properly filed collateral attack on a criminal judgment will toll the statute. 28 U.S.C. § 2244(d)(2).

Although he did not obtain relief, Gibson's post-conviction and new trial motions filed in March 2019 were held to be properly filed in that he did not discover their factual predicate until January 2019. Decision on those motions was not final until the Ohio Supreme Court declined to exercise jurisdiction on October 26, 2021.

Gibson argues the statute continues to be tolled for the ninety days after that when he could

8

have sought certiorari from the United States Supreme Court which would have been January 24, 2022 (Opposition, ECF No. 23, PageID 748). If that were correct, the Petition would have been timely when filed November 16, 2022.

However in interpreting 28 U.S.C. § 2244(d)(2) the courts have distinguished between the time for seeking certiorari on direct review and on collateral review. Cases become final on direct review when certiorari is denied or when the time to file a petition for certiorari expires. *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000); *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998). But for cases on collateral review, the action is no longer pending after the last state court decides it. A state post-conviction petition is not pending so as to toll the statute of limitations during the pendency of a petition for certiorari. *Lawrence v. Florida*, 549 U.S. 327 (2007). *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003), which held that the time is tolled for the ninety days within which a petition can be filed and until the petition is disposed of, is overruled *sub silentio*.

> "[a]ll three circuit Courts of Appeals to consider the question have decided that the certiorari period should not be included in calculation. *Coates v. Byrd*, 211 F.3d 525 (11th Cir. 2000); *Rhine v. Boone*, 182 F.2d 1153 (10th Cir. 1999); *Ott v. Johnson,* 192 F.2d 510, 513 (5th Cir. 1999). Their logic, which this Court finds persuasive, is that §2244(d)(2) tolls the statute while an application for "State" collateral review is pending, while review on certiorari would be federal review. Moreover, tolling only applies while an application is actually pending, and here (as in *Coates*), the habeas petitioner did not actually seek certiorari review."

*Johnson v. Bagley*, C-3-00-031 (S.D. Ohio June 5, 2000). Sixth Circuit recognizes that *Abela* is overruled by *Lawrence* in *Allen v. Bell*, 2007 U.S. App. LEXIS 23975 (6th Cir. 2007), and *Kincade v. Wolfenbarger*, 2009 U.S. App. LEXIS 8197 (6th Cir. 2009).

Consistent with this precedent, Gibson's claims related to the bias of Judge Prater (Grounds One through Four) are also barred by the statute of limitations.

9

**Actual Innocence**

As noted above, proof of actual innocence can enable a habeas petitioner to avoid the bar of the statute of limitations. *McQuiggin, supra.*

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

In *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent with the *Schlup* [*v. Delo*] actual innocence exception." The *Souter* court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*

10

> *v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

Gibson presents no new evidence at all. Instead he relies on his bare assertion that the testimony of the State's witness, Dr. Kirsten Simonton, was not probative and indeed was unprofessional and perjured (Opposition, ECF No. 23, PageID 748). That does not satisfy the actual innocence exception.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Respondent's Motion to Dismiss the Petition as untimely be granted. The Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court

11

certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 20, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge