# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

PAUL HENRY GIBSON,

       Petitioner,    :    Case No. 1:22-cv-697

- vs -    District Judge Matthew W. McFarland
    Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,

    :

       Respondent.

## DECISION AND ORDER DENYING RENEWED MOTION TO STAY

This habeas corpus case, brought by Petitioner Paul Gibson *pro se* under 298 U.S.C. § 2254, is before the Court on Petitioner's Request for a Stay (ECF No. 31).

In January, 2023, Gibson sought a stay asserting "Claims to be filed are detrimental to the just outcome of this case. As this court needs a complete picture of the evidence and constitutional [sic] errors plagueing this case resulting in a miscarriage of justice." *Id.* at PageID 54. Recognizing the authority to grant a stay conferred by *Rhines v. Weber*, 544 U.S. 269 (2005), the Court nonetheless denied that request, holding:

> Petitioner's Motion does not indicate that he has pending state court proceedings which are not final. Indeed, he does not indicate who is expected to file claims detrimental to the just outcome of the case. Nor does Petitioner offer any other reason for staying these proceedings. Accordingly, the Motion for Stay is DENIED.

(Order, ECF No. 11). Now, over three months later and after the filing of a case-dispositive Report and Recommendations, Gibson claims that he has had unexhausted post-conviction motions for a

new trial and under Ohio R. Crim. P. 35 pending since September 2021.

Where are these motions? They do not appear in the State Court Record as filed by the Attorney General and Gibson has not attached copies. *Rhines* cautions District Courts to evaluate the claims actually made in the state court proceedings before granting a stay.

More importantly, the pending state court proceedings can have no impact on the pending Report and Recommendations which analyze and recommend granting Respondent's statute of limitations defense. As analyzed in the Report and Recommendations, none of the pending motions qualifies to toll the statute under 28 U.S.C. § 2244(d)(2).

The Request for Stay is therefore denied. Petitioner's objections to the pending Report remain due May 1, 2023.

April 25, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge
