# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

PAUL HENRY GIBSON,

        Petitioner,       :      Case No. 1:22-cv-697

- vs -       District Judge Matthew W. McFarland
      Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,

                                    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Objections (ECF No. 33) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 24) which recommended dismissing the Petition as time-barred.  District Judge McFarland has recommitted the case for reconsideration of the case in light of the Objections (ECF No. 34).

The Petition was filed November 16, 2022 (Report, ECF No. 24, PageID 775).  The Report calculated the AEDPA one-year statute of limitations ran as to Grounds Five to Eleven as of April 28, 2018. *Id.* at PageID 781.  As to Grounds One through Four, the statute expired October 26, 2021. *Id.*

Gibson begins his Objections by stating "Although the petition in the case at bar pleads fifteen grounds for relief petitioner has chosen to move forward only on grounds one thru four. As grounds five thru fifteen are pending in State Court of Appeals Twelfth District." (ECF No. 33, PageID 812).  He notes that he has filed a request for stay, but that request was denied on April

25, 2023, in a Decision which emphasized that his objections to the pending Report were due not later than May 1 (ECF No. 32, PageID 810). To the extent his phrase "not moving forward" means he believes he can preserve any objections to dismissal of Grounds Five through Fifteen until later, he is mistaken. Because he has made no timely objection to dismissal of those claims as recommended, he as waived the opportunity to do so. A petitioner who fails to make timely and specific objections to a magistrate judge's report forfeits his right to appeal the aspects of the report to which he did not object. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).

As to Grounds One through Four, Gibson acknowledges that the tolling of the statute by virtue of the pendency of properly filed collateral attacks (28 U.S.C. § 2244(d)(2)) expired October 26, 2021, when the Supreme Court of Ohio declined jurisdiction for review (Objections, ECF No. 33, PageID 814). He then claims he is entitled to equitable tolling from that date until approximately December 6, 2021, when he was released from the hospital:

> The medical records in question establish six weeks of Gibson being incapacitated being in the Intensive care unit at Ohio State university Wexner medical center for three weeks and another three weeks in Franklin Medical center for rehab as Gibsons traumatic injuries cause Him to be unable to walk. Therefore, Gibsons Tolling of one year should begin the day Gibson was released from the hospital. This was on approximate date of December 6, of 2021.

*Id.* However, the Court cannot determine what those records "establish" because they have not been filed with the Court. Even if they were filed, the Court might require analysis by medical personnel to evaluate their impact. At this point the Court has only Gibson's self-serving unsworn account of the period of hospitalization.

Gibson directs the Court's attention to Magistrate Judge Peter Silvain's Order of November 29, 2022, which embodies the results of Judge Silvain's initial review of the case under Rule 4 of

2

the Rules Governing § 2254 Cases (ECF No. 7). As part of the Order, Judge Silvain denied an initial request for discovery, holding

> This case has just begun, and the state court record has not yet been filed. At this point, it is not apparent that the materials sought by Petitioner are material or otherwise necessary to resolve the case. Should the Court later determine that these materials are necessary, the Court may order the record expanded with such materials. See Rule 7, 2254 Rules. Petitioner's motion for discovery (Doc. 6) is DENIED at this time, subject to reconsideration.

*Id.* at PageID 50. Petitioner has never renewed that request for discovery. Nor has he explained why he requires a subpoena duces tecum from this Court to obtain his own medical records from a treating facility. In fact, in opposing Respondent's Motion to Dismiss, he did not make a claim of equitable tolling[1] and his objection to the Report for not considering it is therefore untimely.

Gibson relies on *Harper v. Ercole*, 648 F.3d 137-38 (2d Cir. 2011), for the proposition that medical conditions can constitute the extraordinary circumstances needed to justify equitable tolling. The Magistrate Judge agrees. However, there must be some proof of the severity of the condition; in *Harper* that severity was unchallenged. Here the reliance on medical condition was not raised until the Objections and is uncorroborated by the medical records which Gibson says exist, but which he has not produced. Gibson has not shown his entitlement to equitable tolling.

Gibson thus turns to a claim of actual innocence to excuse his late filing. As evidence of hCourtis actual innocence, he cites exhibits attached to his Petition for Post-Conviction Relief filed September 13, 2021[2] (Objections, ECF No. 33, PageID 820). The Common Pleas Court docket reflects a successive motion for new trial filed that day with exhibits (ECF No. 20, PageID 710), but the State

---

[1] Petitioner admits in his Objections that he did not raise equitable tolling in his Reply because he had counted on the ninety-day limit for applying to the Supreme Court for certiorari as tolling the statute and did not realize until it was pointed out in the Report that that time only applies on direct review, not collateral review. He turned back to attempting equitable tolling because "90 days extracted for the allowance of time to file for certiorari in the supreme court is a game changer therefore Gibsons request for equitable tolling and or request leave to file a delayed petition." (ECF No. 33, PageID 819).

[2] Petitioner refers to this filing as a petition for post-conviction relief, but it was labeled a motion for new trial when filed.

3

Court Record filed by Respondent does not include these documents. Gibson now moves to expand the record to include these documents, but he does not tender copies.

Even if these documents were submitted and could be examined by the Court, Gibson's descriptions of them make it clear they would not satisfy the criteria for proof of actual innocence. As Gibson recognizes, the controlling precedent on the actual innocence gateway is now the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

In *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit anticipated *McQuiggin* and held Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent with the *Schlup* [*v. Delo*] actual innocence exception." The *Souter* court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more

> likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

Against this standard, we examine Gibson's descriptions of the exhibits to his successive motion for new trial.

> At this time let it be known that Theresa Tuners affidavit is just one of five different Exhibit's filed in Gibsons defense as evidence. Ex. A I Direct review testimony of Amelia Turner EX. A Cross examination of Amelia Turner EX. A 3 Prosecutions version to mislead the court filed 12/13/2016 and A 4 twelfth district court of appeals decision reflecting the false information contained in states fraudulent document. EX. B 1 Consultation report of proposed defense expert Dr. David Burkons B 2 Dr. Burkons Credentials EX. C 1 Consultation report of Dr. David Lowenstein. EX. C 2 Dr. Lowenstein's credentials EX. C 3 case law examples of Dr. David Lowenstein's testimony as a qualified expert. C 4 Prosecutions fraudulent document and version of C 1 and Dr. Lowenstein's qualifications. EX. C 5 Court's decision reflecting misinformation given by Prosecutions false document. EX. D 1 Affidavit of Theresa Turner 011s Case studies and letters related to the healing in hymenal injuries and problematic injuries and the duration of visible signs of trauma and or transections associated with vaginal intercourse.

(Objections, ECF No. 33, PageID 820). None of these documents fit the required description from *Schlup* and *Souter*. None of them are new physical evidence. Some of them purport to be comments on the scientific evidence offered at trial, but are not themselves new scientific evidence. Dr. Burkons and Dr. Lowenstein were known to defense at the time of trial. Te referenced court

5

decisions are obviously not new physical or scientific evidence. Theresa Turner is described as Gibson's girlfriend who lived with the victim and would have been able to contradict or rebut some of the prosecution's witnesses; her probable bias is inherent in the description of her as Gibson's girlfriend. These examples of new evidence just do not fit the legal standard. Gibson has not demonstrated his actual innocence so as to escape the bar of the statute of limitations.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge adheres to his prior recommendation: the Petition should be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 2, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*
United States Magistrate Judge

6