# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

PAUL HENRY GIBSON,

                    Petitioner,          :      Case No. 1:22-cv-697

    - vs -                          District Judge Matthew W. McFarland
                                           Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,

                                  :

                    Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Objections (ECF No. 36) to the Magistrate Judge's Supplemental Report and Recommendations ("Supp Report," ECF No. 35) which recommended dismissing the Petition as time-barred. The original Report and Recommendations reached the same result ("Report," ECF No. 24). District Judge McFarland has recommitted the case for reconsideration of the case in light of the Objections (ECF No. 37).

The Petition was filed November 16, 2022 (ECF No. 24, PageID 775). The Report calculated the AEDPA one-year statute of limitations ran as to Grounds Five to Eleven as of April 28, 2018. *Id.* at PageID 781. As to Grounds One through Four, the statute expired October 26, 2021. *Id.* The Supp Report noted that Gibson had not objected to the conclusion in the Report that the statute of limitations had run as to Grounds Five through Fifteen on April 21, 2018.

Gibson did object as to Grounds One through Four, claiming that he was entitled to equitable tolling from October 26, 2021, until he was discharged from the hospital about December

1

6, 2021.  He asserted the medical records would establish he was "incapacitated" for that period of time.  The Supp Report rejected that claim because no medical records were furnished and the Court had only Gibson's opinion as a layman about what the records would establish.  Gibson notes that he sought a subpoena duces tecum directed to the Warden to produce the medical records, but his source for believing the records would be found there is Ohio Revised Code § 5120.21. However, the records required to be kept by that statute do not include records of hospitalizations outside the institution.  Gibson has not shown he has made any request for those records to the place of his hospitalization, the Lexner Medical Center at the Ohio State University.

Instead of furnishing his own medical records, Gibson turns to the opinion in *Harper v. Ercole,* 2009 WL 4893196 (E.D. N.Y. Dec. 16, 2009).  That opinion by District Judge Vitaliano adopted a report and recommendations of Magistrate Judge Lois Bloom to deny equitable tolling. Judge Bloom "**assumed** that Harper was entitled to equitable tolling for the period of time that he was hospitalized (February 27, 2008 to June 3, 2008)." *Id.* at *2 (emphasis added).  She nevertheless denied equitable tolling because Harper had not been diligent after being released. Judge Vitaliano adopted that recommendation, but the Second Circuit reversed, holding the petition was timely because it was filed within seventy-eight days, the remaining untolled time after his discharge.  *Harper v. Ercole*, 648 F.3d 132 (2nd Cir. 2011).

*Harper* has neither been adopted nor rejected by the Sixth Circuit, so it remains only persuasive rather than binding precedent.  But even treating the case in that way, it does not support Gibson's position.  First of all, the Second Circuit held a person seeking tolling on the basis of hospitalization would normally be expected to provide corroboration of the condition and its severity.  Gibson has done neither.

Second, even if we assume[1] tolling begins the day the hospitalization began, extraordinary circumstances only equitably toll the statute of limitations; they do not restart it.  Gibson claims he learned of the facts supporting Grounds One through Four on January 25, 2019.  Assuming the truth of that claim, the one-year statute would begin running on that date and expire one year later on January 25, 2020.  28 U.S.C. § 2244(d)(1)(D).

Finally, Gibson seeks tolling by virtue of claimed actual innocence.  As the Report and Supplemental Report point out, the evidence of actual innocence proffered by Gibson is not of the character or quality required by precedent.  In his instant Objections, Gibson does not address that finding, but instead claims the evidence in question was all excluded by Judge Pater who was biased.  Thus the evidence in question is not "new" evidence, but evidence whose exclusion could have been attacked on direct appeal.

**Conclusion**

The undersigned remains persuaded that the Petition herein is barred by the statute of limitations and should therefore be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

 May 30, 2023

---

[1] Harper does not require District Courts to make this assumption.  Rather, Judges Bloom and Vitaliano made the assumption and the Second Circuit did not question it.  This Court should not make that assumption, but insist on some corroboration of the condition and severity, as *Harper* says is appropriate.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge